# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Iverson,<br><br>        Plaintiff,<br><br>v.<br><br>Greystone Alliance, LLC,<br><br>        Defendant. | Case No. 14-cv-1027 (ADM/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Michael Iverson's Motion for Default Judgment [Doc. No. 24]. The Honorable Ann D. Montgomery, United States District Judge, referred the motion in an Order of Reference dated May 21, 2015 [Doc. No. 26]. For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part, default judgment be entered, and Iverson be awarded $5,900, plus post-judgment interest.

## I.    Background

Plaintiff Michael Iverson brought suit against Defendant Greystone Alliance, LLC on April 9, 2014, alleging one claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Compl. ¶ 1 [Doc. No. 1].) Iverson alleged that he owed a debt, and that Greystone is a debt collector. (*Id.* ¶¶ 6, 8.) Iverson further alleged that Greystone called his cellular telephone on October 1, 2013, and left a voicemail

message indicating an intent to collect the debt, but failing to meaningfully disclose Greystone's corporate or business name. (*Id.* ¶ 11.) The voicemail message said:

> This is for Michael Iverson, if you are not Michael Iverson, please hang up or disconnect the call. By continuing to listen to this message, you do acknowledge that you are Michael Iverson. This is David Florio [phonetic]. This is an attempt to collect a debt by a debt collector, any information obtained will be used for that purpose. When you call my office refer to reference number 5491099. Thank you.

(*Id.*)

Greystone filed an answer to the complaint on June 23, 2014, signed by attorney Stephen M. Harris of the firm Meyer & Njus. (Answer at 4 [Doc. No. 6].) Counsel for the parties participated in a pretrial scheduling conference, and a pretrial scheduling order was issued. (Minute Entry, July 31, 2014 [Doc. No. 11]; Pretrial Scheduling Order, August 1, 2014 [Doc. No. 12].)

On October 31, 2014, Harris filed a motion to withdraw as counsel [Doc. No. 14]. Because Harris did not obtain a hearing date or file a notice of motion, the motion remained pending until chambers notified Harris of the deficiencies. Harris filed a second motion to withdraw on January 7, 2015 [Doc. No. 16]. According to the supporting declaration of Brendan H. Little, Harris was retained to act as local counsel in this case, and Little was Greystone's national litigation counsel. (Little Decl. ¶ 3 [Doc. No. 15].) On October 29, 2014, Little participated in a telephone call with Greystone's general counsel, who terminated Little's and Harris's representation for financial reasons. (*Id.* ¶ 5.)

The Court granted the motion to withdraw in an order dated January 23, 2015. (Order at 2, Jan. 23, 2015 [Doc. No. 20].) Because an artificial entity such as a limited liability company may appear in federal court only through counsel, *see Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993), the Court advised Greystone that it was technically in default. (Order at 2.) The Court instructed Harris to promptly write a letter to Greystone, advising Greystone that the motion to withdraw was granted, leaving Greystone without counsel in this action, and, as a result, Greystone was technically in default and subject to a default judgment. (*Id.* at 2-3.) The Court allowed Greystone thirty days to obtain substitute counsel, failing which Iverson could seek an entry of default. (*Id.* at 3.)

No attorney has entered a notice of appearance for Greystone, and the time for doing so expired months ago. On March 24, 2015, Iverson filed a motion for entry of default, based on Greystone's failure to obtain substitute counsel [Doc. No. 21]. The Clerk of Court entered default against Greystone on April 9, 2015 [Doc. No. 23].

On May 19, 2015, Iverson filed this motion for default judgment, seeking judgment in the amount of $6,400 [Doc. No. 24]. The $6,400 represents statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and $5,000 in attorneys' fees and $400 in costs, pursuant to 15 U.S.C. § 1692k(a)(3).

## II. Discussion

A court may enter a default judgment on the motion of a party pursuant to Federal Rule of Civil Procedure 55(b)(2). Once a default is entered and default judgment sought, "the factual allegations of a complaint (except those relating to the amount of damages)

are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 63 (3d ed. 1998)).

Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Placing a telephone call without meaningfully disclosing the debt collector's identity is expressly prohibited by the FDCPA. 15 U.S.C. § 1692d(6). The facts alleged in Iverson's complaint establish that Greystone violated the FDCPA by leaving a voicemail message on Iverson's cellular phone without disclosing its corporate or business name. Accordingly, Iverson is entitled to default judgment on his FDCPA claim.

The FDCPA provides for statutory damages of up to $1,000 in an action brought by an individual. 15 U.S.C. § 1692k(a)(2)(A). An award of statutory damages may be appropriate in a case resolved by a default judgment, *see, e.g.*, *Aronson v. Alternative Collections LLC*, No. 13-cv-2843 (MJD/HB), 2014 WL 4449695, at *4 (D. Minn. Sept. 10, 2014), but Iverson is not automatically entitled to the maximum amount. In determining the amount of statutory damages, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989, 993 (8th Cir. 2005). For a

4

marginal or technical violation, a court may refuse to award any statutory damages. *Huntsman*, 408 F.3d at 993.

In this case, Greystone left only one voicemail message, and there is no allegation that the noncompliance was intentional or abusive. Based on the infrequency and relatively benign nature of the noncompliance and the lack of any demonstrated intent, the Court recommends an award of statutory damages in the amount of $500. *See Weis v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (awarding $500 in statutory damages where there was only one technical statutory violation, which was neither intentional nor abusive).

A successful plaintiff's costs are recoverable in an FDCPA case. 15 U.S.C. § 1692k(a)(3); *see Lamberson v. Bank of Am. Corp.*, No. 11-cv-335 (ADM/TNL), 2012 WL 4129807, at *5 (D. Minn. Sept. 19, 2012) (citations omitted). Iverson seeks recovery of only the $400 court filing fee, which the Court finds was a reasonable and necessary cost of litigation. Accordingly, the Court recommends that $400 in costs be awarded.

The FDCPA also provides for a mandatory award of attorneys' fees. *See Aronson*, 2014 WL 4449695, at *4; *Lamberson*, 2012 WL 4129807, at *1. "[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a), (a)(3). The Court uses the lodestar method to determine the reasonableness of fees to be awarded under a fee-shifting statute such as the FDCPA. *Aronson*, 2014 WL 4449695, at *4; *Miklesh v. Bradstreet & Assocs., LLC*, No. 12-cv-457

(JRT/LIB), 2013 WL 3716640, at *1 (D. Minn. July 12, 2013); *Lamberson*, 2012 WL 4129807, at *1. Under the lodestar method, "the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action." *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996). The lodestar method yields a presumptively reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553-54 (2010).

Iverson's counsel, JD Haas, did not submit with Iverson's original motion papers any billing records showing the number of hours expended on the litigation or his hourly rate of compensation. At the June 30, 2015, hearing on the motion, the Court instructed Haas to file a supplemental declaration and submit the billing records under seal, and Haas complied on July 7, 2015. [*See* Doc. Nos. 29, 30.]

The Court has reviewed the supplemental declaration and billing records, and finds reasonable the number of hours expended by and hourly rates for the attorneys and paralegals who worked on the case. Haas's billing rate is $250 per hour, and he expended 10 hours of time working on the case. The lodestar for his fees is $2,500. Attorney Joseph Panvini's hourly rate is also $250, and he spent 5.3 hours working on the case. The lodestar for Panvini is $1,325. Attorney Russell S. Thompson's hourly rate is $300, and he billed 4.7 hours of time on the case. The lodestar for Thompson is $1,410. The hourly rate for paralegals Tremain Davis, Christopher Bruner, and Nancy Neverman is $135, and those individuals collectively spent 15 hours working on the case. The lodestar for their fees is $2,025. Adding the lodestar amounts for all attorneys and

paralegals, the total amount is $7,260.  Haas, however, expressly disclaimed any intention to recover more than $5,000.  (Haas Suppl. Decl. ¶ 23, July 7, 2015 [Doc. No. 29].)  The Court therefore recommends that Haas be awarded $5,000 in attorneys' fees.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Michael Iverson's Motion for Default Judgment [Doc. No. 24] be **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein; and

2. **JUDGMENT BE ENTERED** in favor of Michael Iverson and against Greystone Alliance, LLC, in the amount of $5,900, consisting of $500 in statutory damages, $5,000 in attorneys' fees, and $400 in costs, with post-judgment interest as provided by 28 U.S.C. § 1961.

Dated: July 16, 2015      s/ *Hildy Bowbeer*
                          HILDY BOWBEER
                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.